IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 7:20-CV-1-FL

| | |
|---|---|
| PATRICK E. HOOVER d/b/a BLUE CHIP FACILITY SERVICES,<br>       Plaintiff,<br><br>v.<br><br>GKN DRIVELINE NORTH AMERICA, INC.,<br>       Defendant. | **ORDER GRANTING CONSENT MOTION TO SUBSTITUTE** |

THIS MATTER is before the Court on Plaintiff Patrick E. Hoover's motion to substitute, made pursuant to Federal Rules of Civil Procedure 17 and 21. In the motion, Hoover discloses that his former counsel inadvertently filed this matter on his behalf, rather than on behalf of P.E. Hoover Enterprises, Inc., a corporation in which Hoover is the sole shareholder, officer, and director. Hoover asks the Court to substitute Hoover Enterprises as the plaintiff.

Under Federal Rule of Civil Procedure 17(a), "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). That Rule further provides that the Court generally should allow substitution where the wrong plaintiff has been named. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). Further, under Rule 21 "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Because Hoover

indicates that the contract at issue in this matter is between Hoover Enterprises and Defendant, not Hoover, individually, and Defendant, the Court determines that Hoover Enterprises is the real party in interest and should be substitute.

For those reasons, the Court GRANTS Hoover's motion to substitute P.E. Hoover Enterprises, Inc. as the Plaintiff. Hoover Enterprises is DIRECTED to file a corrected complaint, correcting only the caption and any other allegation concerning Hoover's citizenship within five days of this order. Further, Hoover Enterprises is DIRECTED to file a corporate disclosure statement. Finally, the Clerk of Court is DIRECTED to update the case caption to reflect the name of the real party in interest, P.E. Hoover Enterprises, Inc. Any breach of contract claim possessed by Patrick E. Hoover, individually, is dismissed with prejudice.

SO ORDERED, this the 10th day of August, 2020.

_____
Louise W. Flanagan
United States District Judge